Brian C. Butler, OSB #981903
Assistant Federal Public Defender
15 Newtown Street
(541) 776-3630 Telephone
(541) 776-3624 Facsimile
Brian_Butler@fd.org

**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09-30014-PA |
| | 09-30056PA |
| Plaintiff, | PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |
| v. | |
| ALAN HURWITZ, | |
| Defendant. | |

The defendant represents to the court:

1.  My name is Alan Hurwitz. I am 68 years old. I have gone to school up to and including obtaining a Ph.D. in Urban Studies.

2.  My attorney is Assistant Federal Public Defender Brian C. Butler.

3.  My attorney and I have discussed my case fully. I have received a copy of the Indictment or Information. I have read the Indictment or Information, or it has been read to me, and I have discussed it with my attorney. My attorney has counseled and advised me concerning

Page 1 - PETITION TO ENTER PLEA OF GUILTY

the nature of each charge, any lesser-included offense(s), and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge(s) alleged against me to which I am pleading "GUILTY" are as follows:

Count 1 of Indictment:

- by force, violence and intimidation

- knowingly took money from Liberty Bank

- the deposits of which were then insured by the FDIC

- did assault and put in jeopardy the life of another person by the use of a purported dangerous weapon

Count 1 of Information:

- by force, violence and intimidation

- knowingly took money from Redwood Credit Union

- the deposits of which were then insured by the National Credit Union Administration

- did assault and put in jeopardy the life of another person by the use of a purported dangerous weapon

Count 2 of Information:

- by force, violence and intimidation

- knowingly took money from Wachovia Bank

- the deposits of which were then insured by the FDIC

Count 3 of Information:

- by force, violence and intimidation

- knowingly took money from Washington Mutual Bank

- the deposits of which were then insured by the FDIC

- did assault and put in jeopardy the life of another person by the use of a purported dangerous weapon

I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4.     I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense(s) to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5.     I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days except as follows: <u>medications for heart disease and high blood pressure and pain medication for arthritis</u>.

6.     I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7.     I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

**Page 3 - PETITION TO ENTER PLEA OF GUILTY**

a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

b. The right to have the assistance of an attorney at all stages of the proceedings;

c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rule 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

My plea of guilty is under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea.

10. I know the maximum sentence which can be imposed upon me Count 1 of the Indictment and Counts 1 and 3 of the Information is 25 years' imprisonment and a fine of $250,000. I also know there is no mandatory minimum sentence.

Page 4 - PETITION TO ENTER PLEA OF GUILTY

I know the maximum sentence which can be imposed upon me for Count 2 of the Information is 20 years' imprisonment and a fine of $250,000. I also know there is no mandatory minimum sentence.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100 per count of conviction.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing (punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release on counts 1 and 3 can be 5 years. If I violate the conditions of supervised release, I may be sent back to prison for up to 3 years. A term of supervised release on count 2 can be 3 years. If I violate the conditions of supervised release, I may be sent back to prison for up to 2 years. *As to Count 1 of the Indictment, Can he up Sup S.*

16. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed. *If violate, can be subject 2 prison for Sup.*

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

Page 6 - PETITION TO ENTER PLEA OF GUILTY

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to the following counts: Count 1 of the Indictment and Counts 1, 2 and 3 of the Information.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge(s) to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

> On or about December 30, 2008, in the District of Oregon, I did knowingly, and by force, violence and intimidation, take from Liberty Bank approximately $3.050 in United States currently, the deposits of which were insured by the Federal Deposit Insurance Corporation. In committing this office, I did assault and put in jeopardy the life of another person by the use of a purported ~~dangerous weapon.~~ hand gun.

Page 7 - PETITION TO ENTER PLEA OF GUILTY

Case 1:09-cr-30014-MC    Document 25    Filed 11/10/09    Page 8 of 15

On or about December 11, 2008, in the Northern District of California, I did knowingly, and by force, violence and intimidation, take from Redwood Credit Union approximately $1,000 in United States currency, the deposits of which were insured by the National Credit Union Administration. In committing this offence I did assault and put in jeopardy the life of another person by the use of a purported ~~dangerous weapon~~ hand gun.

On or about December 12, 2008, in the Northern District of California, I did knowingly, and by force, violence and intimidation, take from Wachovia Bank approximately $2,450 in United States currency, the deposits of which were insured by the Federal Deposit Insurance Corporation.

On or about December 22, 2008, in the Northern District of California, I did knowingly, and by force, violence and intimidation, take from Washington Mutual Bank, approximately $5,860 in United states currency, the deposits of which were insured by the Federal Deposit Insurance Corporation. In committing this offence I did assault and put in jeopardy the life of another person by the use of a purported ~~dangerous weapon~~ hand gun.

25.    I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment or Information, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this 9th day of November, 2009.

_____
Alan Hurwitz
Defendant

Page 8 - PETITION TO ENTER PLEA OF GUILTY

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Alan Hurwitz, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment or Information in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 9th day of November, 2009.

                                            Brian C. Butler
                                            Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 9th day of November, 2009.

_____
The Honorable Mark D. Clarke
United States Magistrate Judge

Based upon the above, I hereby affirm and adopt the order accepting and entering defendant's guilty plea.

DATED this 10 day of Nov., 2009.

_____
The Honorable Owen M. Panner
United States District Judge

O:\CLIENT\Butler\Hurwitz, Alan\Pleadings\Plea Petition.wpd

Page 10 - ORDER ENTERING PLEA



**U.S. Department of Justice**
*Kent S. Robinson*
*Acting United States Attorney*
*District of Oregon*
*310 W Sixth Street*
*Medford, OR   97501-2711*

*(541) 776-3564*
*Fax: (541) 776-3583*

July 22, 2009

Brian Butler
Federal Public Defender's Office
15 Newtown Street
Medford OR 97501

Re:   *United States v. Hurwitz, Alan David*  CR 09-30014-PA
          Revised Plea Agreement Letter

Dear Mr. Butler,

The following represents the government's plea offer to resolve the criminal charges against your client, Alan David Hurwitz:

1. **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and Alan David Hurwitz (defendant), and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any other charges other than those specifically mentioned herein.

2. **Charges**:

    A. Bank Robbery - case number CR 09-30014: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the crime of Armed Bank Robbery in violation of Title 18, United States Code, Section 2113(a) & (d).

    B. Rule 20 Transfers:

    Northern District of California: Defendant agrees to plead guilty to the crimes of Bank Robbery in violation of Title 18, United States Code, Section 2113(a) and Armed Bank Robber in violation of Title 18, United States Code, Section 2113(a) & (d) for the following robberies:
        1) the December 12, 2008, robbery of the Wachovia Bank, Palo Alto, California;
        2) the December 22, 2008, armed robbery of the Washington Mutual Bank in Santa Rosa, California; and,
        3) the December 11, 2008, armed robbery of the Redwood Credit Union, in San Rafael, California;

Brian Butler
Re: Alan David Hurwitz Revised Plea Letter
Page 2

provided the prosecution of those charges are transferred from the Northern District of California to the District of Oregon pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

3. **Penalties**: The maximum sentence for each Armed Bank Robbery charge is 25 years imprisonment, a fine of $250,000, 5 years of supervised release, and a $100 mandatory fee assessment. The maximum sentence for the Bank Robbery charge is 20 years imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 mandatory fee assessment. Defendant agrees to pay the $100 fee assessment for each offense in which a guilty plea is entered or explain to the Court why this cannot be done.

4. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

5. **Career Offender**: Defendant acknowledges that the Armed Bank Robbery offense in case number CR 09-30014 as well as the Bank Robbery and Armed Bank Robbery offenses from the Northern District of California are all felony crimes of violence. Defendant admits that he was convicted of the following prior crimes of violence that were punishable by imprisonment for a term exceeding one year, were committed on occasions different from one another and were unrelated to one another:

   1) Armed Bank Robbery in United States District Court, Eastern District of Michigan, Case #s 92-CR-80233, 94-CR-8090, 94-CR-80098 and 94-CR-80127

   2) Armed Bank Robbery in United States District Court, Eastern District of Michigan, Case # 95-CR-80204.

   The parties agree that defendant is a Career Offender under USSG § 4B1.1 and, in accordance with USSG § 4B1.1(b), he has a Base Offense Level of 34, prior to any adjustment, with a Criminal History Category VI.

6. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

Brian Butler
Re: Alan David Hurwitz Revised Plea Letter
Page 3

7. **Restitution**: Defendant agrees to supply information for the Court to exercise its discretion in fashioning a restitution order, in compliance with the terms of 18 U.S.C. §§ 3663A and 3664(d)(3). Defendant also agrees to accept responsibility for paying full and complete restitution as determined by the court to Liberty Bank, 295 E. Barnett Road, Medford, Oregon, and to the banks and credit union in the Northern District of California as mentioned herein that were victims of defendants crimes to which he is pleading guilty.

8. **Sentencing Range/Recommendation**: The parties agree to recommend a sentence within the applicable guideline range. The defendant understands that the government will recommend the high end of the applicable guideline range for the additional charges transferred from the Northern District of California to the District of Oregon pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

9. **No Prosecution**: The USAO has been informed by Kathryn Mitchell, Chief Deputy District Attorney for Marin County, California, that if defendant pleads guilty and is sentenced to a term of not less than 188 months for the December 11, 2008, armed robbery of the Redwood Credit Union, in San Rafael, California, the State of California will not bring any additional charges against defendant related to their criminal investigation of this offense.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guideline Chapter 5K. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Brian Butler
Re: Alan David Hurwitz Revised Plea Letter
Page 4

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: This letter states the full extent of the agreement between the parties. No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. By signing this plea agreement, defendant represents that he has done so voluntarily, after reviewing and discussing each aspect of it with his attorney, and no one has threatened or coerced him into accepting this plea agreement.

    If defendant accepts this offer, please sign and attach the original of this letter and attachments to the Petition to Enter Plea. By accepting this plea agreement, defendant agrees that the agreement be attached and incorporated into his Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by July 27, 2009, at 1:30 p.m.

                                        Sincerely,

                                        KENT S. ROBINSON
                                        Acting United States Attorney

                                        BYRON G. CHATFIELD
                                        Assistant United States Attorney

Brian Butler
Re: Alan David Hurwitz Revised Plea Letter
Page 5

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I wish to plead guilty because, in fact, I am guilty.

9/04/09
Date

_____
ALAN DAVID HURWITZ
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/4/09
Date

_____
BRIAN BUTLER
Attorney for Defendant