KENT S. ROBINSON, OSB#096251
Acting United States Attorney
District of Oregon
BYRON G. CHATFIELD, OSB#730599
Assistant United States Attorney
310 West 6th Street
Medford, Oregon  97501
Telephone: (541) 776-3564
Facsimile: (541) 776-3583
byron.chatfield@usdoj.gov

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | Nos.   09-CR-30014-PA |
| **Plaintiff,** ) | 09-CR-30056-PA |
| v. ) | |
| ) | **GOVERNMENT'S** |
| **ALAN DAVID HURWITZ,** ) | **SENTENCING MEMORANDUM** |
| ) | |
| **Defendant.** ) | [Sentencing 1/19/2010 at 10:00am] |
| ) | |

The United States of America (hereinafter "the government"), by and through its attorneys, Kent S. Robinson, Acting United States Attorney for the District of Oregon, and Byron G. Chatfield, Assistant United States Attorney, hereby submits this sentencing memorandum for each of the cases defendant is to be sentenced on:

### BACKGROUND

The defendant has pled guilty to three armed bank robberies and one bank robbery. One of the armed bank robberies occurred in Oregon, while the other three robberies were transferred to the District of Oregon pursuant to Rule 20, Federal Rules of Criminal Procedure, from the Northern District of California.

On November 11, 2009, the defendant pled guilty to the Armed Bank Robbery in Oregon committed on December 30, 2008, and to two additional counts of Armed Bank Robbery and one count of Bank Robbery committed on December 11th, 12th and 22nd, 2008 in San Rafael, Palo Alto and Santa Rosa, California, all in violation of 18 U.S.C. § 2113(a) and (d).

Sentencing on all four robberies is set for Monday, January 19, 2010, at 10:00 a.m. in the United States Courthouse in Medford, Oregon, before the Honorable Owen M. Panner, United States District Court Judge.

## GUIDELINE CALCULATION

The government concurs with the guideline calculation in the Presentence Report (PSR).

**1.    CAREER OFFENDER**

The defendant is a Career Offender under U.S.S.G. § 4B1.1.  PSR ¶52-54; Plea Agreement ¶5.

The armed bank robbery and bank robbery offenses in the present cases are felony crimes of violence.  Further, defendant has numerous prior armed bank robbery convictions that qualify as crimes of violence under U.S.S.G. § 4B1.1.  PSR ¶56-60.  The defendant was previously convicted of 10 prior armed bank robberies in the '90s occurring in Michigan, Illinois, Ohio and Indiana.  PSR ¶56-60.  The offense level of 34 as a career offender applies in this case, along with a criminal history category of VI.  USSG § 4B1.1(b)(B).  As a result, the defendant's guideline range is 262-327 months, prior to adjustments.  U.S.S.G. § 4B1.1(b); PSR ¶54 & 63.

**2.    ACCEPTANCE OF RESPONSIBILITY**

The defendant has admitted his conduct in committing the bank robberies in the present cases. The government recommends and moves for a 3-level reduction under U.S.S.G. §§ 4B1.1(b) and 3E1.1. PSR ¶50 & 54.

**3.    GUIDELINE SUMMARY:**

| | |
|---|---|
| Career Offender Base Offense Level | 34 |
| Acceptance of Responsibility | - 3 |
| Total | 31 |

Criminal History Category:        VI

**Guidelines Range**:        **188 - 235 months**

## GOVERNMENT'S RECOMMENDATION

It is the government's recommendation that the court impose a sentence of **235 months**, the high-end of the guideline range. This is in accord with the parties agreement to recommend a sentence within the applicable guideline range and the defendant's understanding that the government was going to be recommending the high-end of the range because of the additional armed bank robbery charges transferred from California. Plea Agreement ¶8.

As mentioned earlier, the defendant was convicted previously for committing 10 armed bank robberies in four states. He was sentenced to 158 months,17 days and 147 months all to be served concurrently. PSR ¶56 & 60. Besides concurrent sentences, as part of the plea agreements in those cases, at least five additional counts of Armed Robbery were dismissed as well as an additional count of Carry and Use a Firearm in Relation to a Federal Crime of Violence. PSR ¶56-57. Moreover, according to defendant's 1995 signed plea agreement at page

11, pursuant to his plea agreement when convicted in 1994 for the five Armed Robberies, he stipulated to having committed seven additional armed bank robberies and one armed robbery of a credit union. Consequently, defendant committed 18 robberies to which he pled guilty or stipulated.

Now, defendant has committed four additional bank robberies. During the Medford bank robbery, defendant told the victim teller "You have ten seconds to give me 50's and 100's only, no bait" while passing a note that read in part "This is a robbery" and "Ten seconds" and telling her to "hurry up, only 100's and 50's" and pulling up the front of his shirt to display what she believed to be a handgun tucked in his waistband. PSR ¶1, 19-20. When the teller handed the defendant the money, he fanned the money out to make sure she had not given him any $20 bills. She also told detectives that defendant threatened to "shoot" if she did not comply with his demands. As defendant was leaving her teller station he made the statement, "give me sixty seconds before you do anything or I will shoot." The teller told detectives that she was extremely scarred during the robbery and felt the defendant was going to hurt her. Detectives observed that she was noticeably upset and shaken from what had just occurred.

During the Santa Rosa bank robbery, after handing the teller a note, defendant told her "give me all the money you have in your drawer," then lifted up the front of his sweater and pointed to what she believed to be a dark colored revolver in his waistband. Defendant then told her "don't give me the dye pack or I'll use this." PSR ¶22. Additionally, she reported that as the defendant was leaving he told her to "smile at me when I walk out." The teller was reported as being visibly shaken and upset following the incident. Similarly, during the Palo Alto bank

robbery, after placing a note on the counter that said something similar to "give me everything you have in 20 seconds or I'm going to hold this place up." PSR ¶17. Although she did not see a weapon, she reported to authorities that she was fearful of the defendant. More importantly, and like the Medford bank robbery, during the San Rafael credit union robbery the defendant told the teller to give him all the money or he would kill her. Defendant displayed what she believed to be a black colored handgun he had concealed in his waistband underneath his jacket. PSR ¶16. A credit union customer told authorities that she observed defendant as he turned around and walked past them (her and her mother), not realizing anything was wrong until she saw the teller "start to panic."

Obviously, such statements and actions by defendant instilled fear in the bank/credit union tellers. But, as a career offender, by committing just one of the bank robberies or the credit union robbery that this Court will be sentencing defendant on, he would be facing the same 188-235 month Guideline range sentence. This is the same type of criminal conduct he engaged in during his bank robberies in the '90s. Importantly, he has now committed additional robberies, instilling fear in other people, particularly the tellers from the Medford and San Rafael robberies where he either threatened to shoot or kill them, besides placing a multitude of others both inside and outside the banks in potential danger. Defendant should not be entitled to a sentence that merely treats his conduct as if he only committed one robbery when these types of separate and distinct personal harms were inflicted on each teller.

The government also recommends that restitution be imposed in the amount and to the victims as set forth in the PSR ¶108.

In conjunction with the restitution, a sentence at the <u>high-end</u> of the Guideline range is certainly a reasonable sentence to impose given all of the circumstances of these cases and all of the factors to be considered by the court.

Respectfully submitted this 13th day of January, 2010.

        KENT S. ROBINSON
        Acting United States Attorney

        /s/ Byron G. Chatfield
        BYRON G. CHATFIELD
        Assistant United States Attorney