# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

UNITED STATES OF AMERICA,     )
    Plaintiff, Respondent    )
              )
              )   CR 09-30014-01-PA
     vs.          )   CR 09-30056-01-PA
              )   CV _____
              )
ALAN DAVID HURWITZ,      )
    Defendant, Petitioner.   )

---

## Petition for Writ of Habeas Corpus
### Under 28 U.S.C. 2255

---

Alan Hurwitz, Pro Se
15816-039
Butner FMC   4-A
P.O. Box 1600
Butner, NC 27509

# TABLE OF CONTENTS

Page

Introduction ................................................ 1

Background ................................................. 1

Claim ...................................................... 2

Argument ................................................... 2

Petitioner's Criminal History and Prior Sentencing ......... 5

Implications for Career Offender Designation ............... 7

Relief Sought .............................................. 10

# TABLE OF CASES

Page

BERGER v. U.S., 295 U.S. 78, 79 L.Ed. 1314 (1935)　　8

CHACON v. WOOD, 36 F.3d 1459 (9th Cir. 1994)　　3

ESTELLE v. GAMBLE, 429 U.S. 97, 97 S.Ct. 285,　　1
　　50 L.Ed.2d. 251 (1976)

JONES v. RYAN, 583 F.3d. 626 (9th Cir. 2009)　　3

KIMMELMAN v. MORRISON, 477 U.S. 365, 91 L.Ed.2d. 305,　　11
　　106 S.Ct. 2574 (1986)

LIBBERTON v. RYAN, 583 F.3d. 1147 (9th Cir. 2009)　　9

MURRAY v. CARRIER, 106 S.Ct. 2639, 477 U.S. 478,　　4
　　91 L.Ed.2d. 397 (1986)

NUNES v. MUELLER, 350 F.3d. 1045 (9th Cir. 2003)　　3, 10

RIGGS v. FAIRMAN, 399 F.3d 1179 (9th Cir. 2005)　　11

STRICKLAND v. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052,　　2
　　80 L.Ed.2d. 674 (1984)

U.S. v. BLAYLOCK, 20 F.3d. 1458 (9th Cir. 1994)　　3, 10

U.S. v. GRANDERSON, 511 U.S. 39, 114 S.Ct. 1259,　　10
　　127 L.Ed.2d. 611 (1994)

U.S. v. KALUNA, 152 F.3d. 1069 (9th Cir. 1998)　　9

U.S. v. MOLDANADO, 215 F.3d. 1046 (9th Cir. 2000)　　8

U.S. v. RESTREPO, 946 F.2d. 654 (9th Cir. 1991)　　9

U.S. v. WAYNE, 329 Fed. Appx. 126; 2009          11
    U.S. App. LEXIS 15209 (9th Cir. 2009)


U.S. v. WHID, 2010 U.S. App. LEXIS 16499 (9th Cir. 2010)          7

# STATUTES, GUIDELINES
# RULES, & AUTHORITIES

|  | Page |
|---|---|
| 18 U.S.C. 2113(a) & (d) | 1 |
| Fed.R.Crim.P., Rule 20 | 1 |
| Black's Law Dictionary 964 (5th Ed. 1979) | 6 |
| U.S.S.G. 4B1.2(c)(2) | 7 |
| U.S.S.G. 4A1.2(a)(2)(B) | 7 |
| U.S.S.G. 4A1.1(a), (b), or (c) | 7 |
| ABA STANDARDS FOR CRIMINAL JUSTICE, 3-1.1(b)(3d.ed. 1980) | 8 |
| ABA Model Rules of Professional Conduct, Comment to Rule 3.8 | 8 |

## Introduction

Now comes Petitioner Alan Hurwitz, pro se*, who asks that this Honorable Court determine that he received ineffective assistance of counsel (IAC) in plea negotiations regarding his designation as a career offender (CO), and that in light of the constitutionally deficient performance of his attorney, Petitioner should be resentenced without a CO designation. In support of this request Petitioner states the following:

## Background

Petitioner was arrested on January 8, 2009, and was ultimately charged with four (4) counts of bank robbery under 18 U.S.C. 2113(a) & (d). One bank robbery occurred in Oregon (Medford). The other three robberies occurred in California. The counts were consolidated under Rule 20 of the Fed.R.Crim.P. in the District of Oregon. Petitioner, pled guilty to all four (4) counts before this Court.

The PSI determined that Petitioner's advisory Guideline Offense Level was 29; however, because the plea agreement defined Petitioner as a CO, Ex. A, ¶5, his advisory Guideline Offense Level was 34 and his sentencing range was 188 to 235 months. The plea agreement prohibited Petitioner from seeking a sentence below the advisory sentencing range for a CO, Ex. A, ¶10. On January 19, 2010, Petitioner was sentenced to 210 months of incarceration.

---

*Petitioner is not a trained attorney and asks that his pleading(s) be liberally construed. See Estelle v. Gamble, 429 U.S. 97, 106; 97 S.Ct. 285; 50 L.Ed.2d. 251 (1976).

In the plea agreement Petitioner waived his right to direct appeal but retained his right to file a collateral pleading premised on IAC. Ex. A, ¶11.

## Claim

Petitioner received constitutionally deficient assistance from his attorney when said counsel advised him that he was a CO and further informed Petitioner that it was appropriate that there were prohibitions against seeking a sentence below the CO advisory Guideline range.

Since the conclusion of his proceedings in this Court Petitioner has discovered that there is a substantial factual and legal argument to be made that he was not a CO. But for his attorney's IA there is a reasonable probability that the government would not have so designated him in the plea agreement or, at minimum, the government would have agreed to     argument about the CO designation before the Court leaving the final determination to this Court.

## Argument

To prevail on a claim of IAC Petitioner must satisfy the Court that his attorney erred and that he was prejudiced by that error. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d. 674 (1984). To prove "error" Petitioner must "show that counsel's performance was deficient." 466 U.S. @ 687. To prove "prejudice" Petitioner:

> must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

466 U.S. @ 694.  See Jones v. Ryan, 583 F.3d. 626, 636 (9th Cir.

2009)(quoting Strickland).  In Chacon v. Ward, 36 F.3d. 1459 (9th

Cir. 1994) the court wrote:

> THE PURPOSE OF THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
> IS NOT TO PASS JUDGMENT ON THE ACTIONS OF DEFENSE ATTORNEYS,
> BUT TO ENSURE THAT CRIMINAL DEFENDANTS RECEIVE THE ZEALOUS
> COMPETENT DEFENSE TO WHICH THEY ARE ENTITLED.  CF. U.S. V.
> GOUVEIA, 467 U.S. 180, 189; 81 L.Ed.2d. 146; 104 S.Ct. 2292
> (1984)(STATING THAT THE PURPOSE OF THE RIGHT TO COUNSEL IS
> ONE OF 'PROTECTING THE UNAIDED LAYMAN AT CRITICAL CONFRONT-
> ATIONS WITH HIS ADVERSARY.)'

Petitioner was entitled to effective assistance during plea

negotiations.  In Nunes v. Mueller, 350 F.3d. 1045 (9th Cir. 2003)

the court held that:

> 'The Sixth Amendment right to effective assistance of counsel
> guarantees more than the Fifth Amendment right to a fair
> trial'--It serves to protect the reliability of the entire
> trial process (U.S. v. BLAYLOCK, 20 F.3d. 1458, 1466 (9th Cir.
> 1994)).  @ 1052.

The Nunes court went on to observe:

> As U.S. v. Ash, 413 U.S. 300, 309-10, 37 L.Ed.2d. 619, 93
> S.Ct. 2568 (1973) has chronicled, the 'historical background
> suggests that the core purpose of the counsel guarantee was
> to assure assistance at trial,' but the Court has over time
> recognized the importance of expanding that right because
> 'assistance would be less than meaningful if it were limited
> to the formal trial itself.'  @ 1053.

Further, the Nunes court wrote:

> Powell v. Alabama, 287 U.S. 45, 47, 77 L.Ed. 158, 53 S.Ct. 55
> (1932) extended the right to counsel to cover all critical
> stages of the prosecution and recognized that the period from
> the arraignment until the beginning of trial can be perhaps
> the most critical period of the proceedings.'  @ 1052-53

and

> It has long and clearly been held that criminal defendants
> are entitled to effective assistance of counsel during all
> critical stages of the criminal process....and Hill v.
> Lockhart, 474 U.S. 52, 57, 88 L.Ed.2d. 203, 106 S.Ct. 366
> (1985) applied that right (and the corresponding Strickland
> analysis) 'to ineffective assistance claims arising out of
> the plea process.'  @ 1052

and finally, the Nunes court stated "[C]ritical stages of a prosecution...include[s] the plea bargaining process." @ 1053.

Clearly Petitioner was entitled to effective assistance of counsel during plea negotiations. As will be argued below, during the course of negotiating and finalizing a plea agreement Petitioner's counsel committed errors. Petitioner was substantially prejudiced by those errors. The right to effective assistance of counsel can be violated by one sufficiently egregious error. See Murray v. Carrier, 106 S.Ct. 2639, 477 U.S. 478, 91 L.Ed.2d. 397 (1986).

The basic issue underlying Petitioner's claim of IAC is whether or not he had two prior convictions for crimes of violence thus qualifying him for the CO sentencing enhancement. In the plea agreement that Petitioner signed, a plea agreement that Petitioner's counsel had negotiatied and about which counsel told Petitioner that it was appropriate and correct to Petitioner's circumstances, it stated:

> Defendant admits that he was convicted of the following prior
> crimes of violence that were punishable by imprisonment for a
> term exceeding one year, were committed on occasions
> different from one another and were unrelated to one another:
> 1) Armed Bank Robbery in U.S. District Court, Eastern
>    District of Michigan, Case #s 92-CR-80233, 94-CR-8090,
>    94-CR-80098, and 94-CR-80127.
> 2) Armed Bank Robbery in U.S. District Court, Eastern
>    District of Michigan, Case #95-CR-80204
> The parties agree that defendant is a Career Offender under
> USSG 4B1.1 and, in accordance with USSG 4B1.1(b), he has a
> Base Offense Level of 34, prior to any adjustment, with a
> Criminal History Catagory of VI.

Ex. A, ¶5. Relying on his attorney's advice, Petitioner signed the plea agreement and on January 19, 2010, was sentenced as a CO to 210 months of imprisonment.

Petitioner now believes that agreeing to the CO enhancement
in the plea agreement was a mistake--a mistake rooted in counsel's
failure to properly investigate:  a) Petitioner's prior criminal
history, and b) the disposition of Petitioner's prior criminal
charges.  Counsel failed to make the appropriate factual and legal
arguments to the government--factual and legal arguments that
would have resulted in either a) the government not including a CO
designation in the plea agreement, or b) at minimum, the
government agreeing that the Court should make the final
determination as to whether or not Petitioner was a CO.

## Petitioner's Criminal History and Prior Sentencing

On Monday, March 16, 1992, Petitioner was arrested for a
series of bank robberies he had committed across five (5) federal
jurisdictions in the Midwest.  He ultimately received a total
sentence of fourteen (14) years and was continuously incarcerated
until May 24, 2004.  In resolving the 1992 crimes Petitioner was
always represented by Attorney Justin C. Ravitz (deceased).  All
his guilty pleas were taken by and his sentence was imposed by The
Honorable Barbara Hackett, U.S. District Court, Eastern District
of Michigan.  In 1994 Petitioner was sentenced to a term of 147
months imprisonment thereby resolving the charges against him in
four of the five federal jurisdictions in which bank robberies
were committed in early 1992.  Petitioner's attorney continued to
negotiate a resolution of the charges in the one remaining federal
jurisdiction--the Northern District of Illinois.  In 1995 the
Northern District of Illinois agreed that an additional twenty-one
months of incarceration increasing Petitioner's total sentence

from 147 to 168 months would suffice as sufficient punishment. Incarcerated at Oxford FCI, Oxford, Wisconsin, at the time (1995), Petitioner was transported through Chicago, Illinois, (Northern District of Illinois) to Detroit, Michigan (Eastern District of Michigan) where The Honorable Barbara Hackett increased Petitioner's sentence from 147 to 168 months thus resolving the charges outstanding against Petitioner in the Northern District of Illinois.

In the "Statement of Reasons" attached to Petitioner's "Judgment in a Criminal Case" in 1995 the Court wrote:

> The parties stipulate and agree that a reasonable incremental penalty...shall result in a combined sentence of 168 months imprisonment for the offenses to which the defendant pleads guilty herein and the offenses for which the defendant was sentenced August 9, 1994, **since that sentence most closely approximates the total punishment that would have been imposed under 5G1.2 had all of the offenses been federal offenses for which sentences were being imposed at the same time....Defendant acknowledges that had all eighteen robberies been federal offenses for which the defendant was being sentenced in a single federal proceeding** an upward departure would be appropriate...(Emphasis Added)

Ex. B. Clearly, the sentencing court in 1995 arrived at Petitioner's total sentence by considering that the proceedings (1994 and 1995 sentencing hearings) were one event, i.e., as though all the sentences were imposed on the same day. The principle of "nunc pro tunc" should apply. "Nunc pro tunc" is defined in Black's Law Dictionary 964 (5th ed. 1979) as the:

> ...inherent power of the court to make its records speak the truth...Nunc pro tunc signifies now for then, in other words, a thing is done now, which shall have the same legal force and effect as if done at [the] time it ought to have been done.

## Implications for Career Offender Designation

To be a CO a defendant must have two or more prior sentences for crimes of violence and/or drug offenses. USSG 4B1.2(c)(2) states:

> The term 'two prior felony convictions' means...(2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of 4A1.1(a), (b), or (c).

USSG 4A1.2(a)(2)(B) states:

> Prior sentences are always counted separately unless...(B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

Petitioner asks that the Court consider the following:

1. Four of the five jurisdictions in which Petitioner committed robberies in 1992 resolved the charges in a single proceeding in 1994.

2. The fifth jurisdiction resolved its charges in the same courtroom in 1995.

3. Had all of the charges in all five jurisdictions been resolved simultaneously in 1995 Petitioner would have had one (1) prior sentence under 4A1.2(a)(2)(B) and would not be a career offender.

4. There was no "intervening arrest" between the 1994 and 1995 sentencings. See U.S. v. Whid, 2010 U.S. App. LEXIS 16499 (9th Cir. 2010).

5. The 1995 sentencing took place in the Eastern District of Michigan, not the Northern District of Illinois where the outstanding charges existed. In fact, Petitioner was transported through the Northern District of Illinois to the Eastern District of Michigan.

6. Most importantly, in imposing the sentence in 1995 the Court explicitly observed that it was imposing a sentence that was fashioned on the premise that all sentences were being imposed at the same time, i.e., on the same day.

In light of these facts the question is: was Petitioner's counsel in the instant case ineffective for failing to persuade the government that Petitioner was not a CO or, at minimum, was

counsel ineffective for failing to persuade the government that a determination of CO should have been left to the Court rather than being settled in the plea agreement?

The prosecutor is "both an administrator of justice and an advocate." ABA Standards for Criminal Justice, 3-1.1(b)(2d.ed. 1980) As an "administrator of justice" would not the Office of U.S. Attorney have considered the fairly unique facts of Petitioner's criminal history and had at least some hesitation in designating Petitioner as a career offender? "The United States is the representative not of an ordinary party to a controversy, but of a sovereignty...whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." Berger v. U.S., 295 U.S. 78, 88, 79 L.Ed. 1314 (1935). Is "justice done" if Petitioner was improperly designated a CO and received a sentence twice the length as what would otherwise have been imposed? "A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice." ABA Model Rules of Professional Conduct, Comment to Rule 3.8. Had Petitioner's counsel uncovered and presented all the relevant facts from Petitioner's proceedings in 1994 and 1995, might the government have "accorded procedural justice" to Petitioner by agreeing that the Court should make the final determination regarding CO status? In U.S. v. Moldanado, 215 F.3d. 1046, 1052 (9th Cir. 2000) the court wrote:

> Despite a plea agreement to make certain recommendations, the government has a duty to ensure that the court has complete and accurate information enabling the court to impose an appropriate sentence.

Should not Petitioner's counsel been able to persuade the government that "complete and accurate information" regarding the facts of Petitioner's prior sentencing(s) should be put before the Court to determine whether Petitioner was a career offender?  In U.S. v. Kaluna, 152 F.3d. 1069 (9th Cir. 1998) the court wrote that:

> A higher standard of proof is required where the factor to be proved would have 'an extremely disproportionate effect on the sentence relative to the offense of conviction.'  U.S. v. Restrepo, 946 F.2d. 654, 659 (9th Cir. 1991)

Because the CO designation would have a dramatic impact on Petitioner's advisory sentencing guideline range, minimally doubling Petitioner's sentencing exposure, and a more rigourous standard of proof would apply, should Petitioner's counsel have been able to persuade the government that the matter of CO should have been argued in court?

In Liberton v. Ryan, 583 F.3d. 1147 (9th Cir. 2009) the court observed:

> The question is whether a defendant's counsel was ineffective with respect to the penalty imposed, irrespective of when during the proceedings the counsel was ineffective.  It is often the case that a counsel's ineffectiveness is manifested during the penalty phase...but ineffectiveness is often manifested earlier....('[c]ounsel's deficient performance [prior to the punishment/sentencing phase] prejudiced the outcome of the punishment phase of [Petitioner's] trial.' Slage v. Bagley, 457 F.3d. 501, 528 (6th Cir. 2006), Cargle v. Mullin, 317 F.3d. 1196, 1208-09 (10th Cir. 2003).

The prejudice suffered by Petitioner was the far lengthier sentence he received as a CO than he otherwise would have.  The error that led to that prejudicial effect was rooted in counsel's

ineffectiveness in plea bargaining.

## Relief Sought

The fundamental issue in this pleading is whether Petitioner's counsel misled him regarding the applicability of the CO enhancement to Petitioner's circumstances, and, further, whether counsel's performance was constitutionally deficient insofar as counsel failed to negotiate a plea agreement that did not define Petitioner as a CO. As argued above, Petitioner's position is that the circumstances of his prior convictions fall outside the Guideline definition of CO. In U.S. v. Granderson, 511 U.S. 39, 54, 114 S.Ct. 1259, 127 L.Ed.2d. 611 (1994) the Court held that:

> Where text, structure, and history fail to establish that the government's position is unambiguously correct[,] we apply the rule of lenity and resolve the ambiguity in [the defendant's] favor.

The government's definition of Petitioner as a CO vis-a-vis the Guidelines is not unambiguously correct; therefore, lenity suggests that the CO enhancement should not be applied to Petitioner.

In Nunes v. Mueller, 350 F.3d. 1045, 1057 (9th Cir. 2003), the court wrote:

> Conceptually, any habeas remedy 'should put the defendant back in the position he would have been if the Sixth Amendment violation never occurred,' and in some circumstances granting a new trial is not the appropriate remedy to that end. (Blaylock, 20 F.3d. @ 1468).

The Nunes court went on to observe:

> If the [prosecuting authority] puts [Petitioner] in the same position he would have been in had he received effective assistance of counsel, that would cure the constitutional error.

Id. @ 1057.  Finally, in Riggs v. Fairman, 399 F.3d. 1179 (9th

Cir. 2005), the dissent wrote:

> It is well-established law that in fashioning a remedy for
> ineffective assistance of counsel, this court must put
> [Petitioner] back in the position he would have been in had
> he received effective assistance of counsel.  Kimmelman v.
> Morrison, 477 U.S. 365, 91 L.Ed.2d. 305, 106 S.Ct. 2574
> (1986); Nunes v. Mueller, 350 F.3d. 1045 (9th Cir. 2003);
> U.S. v. Blaylock, 20 F.3d. 1458 (9th Cir. 1994).
>
> Several "remedy" scenarios present themselves.
>
> 1.  The government may agree with Petitioner's argument and
>     inform the Court that Petitioner was not a CO.
>
> 2.  The government may partially agree with Petitioner and
>     inform the Court that determination of CO status should
>     be put to the Court.
>
> 3.  A new attorney might be appointed to negotiate the CO
>     issue with the government.

In any scenario the remedy should focus on the issue of CO, not

the entire plea agreement.  Petitioner has no interest in with-

drawing his plea of guilty to four counts of bank robbery--he was

and is guilty of those crimes.  As in Nunes Petitioner does not

seek a "new trial" or in this case an entirely new plea agreement.

As stated in U.S. v. Wayne (unpublished), 329 Fed.Appx. 126; 2009

U.S. App. LEXIS 15209, No. 07-55161, July 6, 2009 (9th Cir).

> [Petitioner] has demonstrated a reasonable probability that
> the district court would not have applied the enhancement had
> [Petitioner's] counsel [rendered the effective assistance to
> which Petitioner was entitled].

The relief Petitioner seeks is to be resentenced without the CO

enhancement being applied.

                              Respectfully submitted,

                              Alan David Hurwitz, Pro Se
                              15816-039
                              Butner FMC    4-A
                              P.O. Box 1600
                              Butner, NC 27509

-11-



**U.S. Department of Justice**
*Kent S. Robinson*
*Acting United States Attorney*
*District of Oregon*
*310 W Sixth Street*　　　　　　　　*(541) 776-3564*
*Medford, OR  97501-2711*　　　　*Fax: (541) 776-3583*

July 22, 2009

Brian Butler
Federal Public Defender's Office
15 Newtown Street
Medford OR 97501

　　　　Re:　　*United States v. Hurwitz, Alan David*  CR 09-30014-PA
　　　　　　　Revised Plea Agreement Letter

Dear Mr. Butler,

　　　　The following represents the government's plea offer to resolve the criminal charges against your client, Alan David Hurwitz:

1.　　**Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and Alan David Hurwitz (defendant), and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.   This agreement does not apply to any other charges other than those specifically mentioned herein.

2.　　**Charges**:

　　　A. Bank Robbery - case number CR 09-30014: Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the crime of Armed Bank Robbery in violation of Title 18, United States Code, Section 2113(a) & (d).

　　　B. Rule 20 Transfers:

　　　Northern District of California: Defendant agrees to plead guilty to the crimes of Bank Robbery in violation of Title 18, United States Code, Section 2113(a) and Armed Bank Robber in violation of Title 18, United States Code, Section 2113(a) & (d) for the following robberies:
　　　　　　　1) the December 12, 2008, robbery of the Wachovia Bank, Palo Alto, California;
　　　　　　　2) the December 22, 2008, armed robbery of the Washington Mutual Bank in Santa Rosa, California; and,
　　　　　　　3) the December 11, 2008, armed robbery of the Redwood Credit Union, in San Rafael, California;

provided the prosecution of those charges are transferred from the Northern District of California to the District of Oregon pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

3.  **Penalties**:  The maximum sentence for each Armed Bank Robbery charge is 25 years imprisonment, a fine of $250,000, 5 years of supervised release, and a $100 mandatory fee assessment.  The maximum sentence for the Bank Robbery charge is 20 years imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 mandatory fee assessment.  Defendant agrees to pay the $100 fee assessment for each offense in which a guilty plea is entered or explain to the Court why this cannot be done.

4.  **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

5.  **Career Offender**:  Defendant acknowledges that the Armed Bank Robbery offense in case number CR 09-30014 as well as the Bank Robbery and Armed Bank Robbery offenses from the Northern District of California are all felony crimes of violence.  Defendant admits that he was convicted of the following prior crimes of violence that were punishable by imprisonment for a term exceeding one year, were committed on occasions different from one another and were unrelated to one another:

    1) Armed Bank Robbery in United States District Court, Eastern District of Michigan, Case #s 92-CR-80233, 94-CR-8090, 94-CR-80098 and 94-CR-80127

    2) Armed Bank Robbery in United States District Court, Eastern District of Michigan, Case # 95-CR-80204.

    The parties agree that defendant is a Career Offender under USSG § 4B1.1 and, in accordance with USSG § 4B1.1(b), he has a Base Offense Level of 34, prior to any adjustment, with a Criminal History Category VI.

6.  **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

7. **Restitution**:  Defendant agrees to supply information for the Court to exercise its discretion in fashioning a restitution order, in compliance with the terms of 18 U.S.C. §§ 3663A and 3664(d)(3).  Defendant also agrees to accept responsibility for paying full and complete restitution as determined by the court to Liberty Bank, 295 E. Barnett Road, Medford, Oregon, and to the banks and credit union in the Northern District of California as mentioned herein that were victims of defendants crimes to which he is pleading guilty.

8. **Sentencing Range/Recommendation**: The parties agree to recommend a sentence within the applicable guideline range.  The defendant understands that the government will recommend the high end of the applicable guideline range for the additional charges transferred from the Northern District of California to the District of Oregon pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

9. **No Prosecution**: The USAO has been informed by Kathryn Mitchell, Chief Deputy District Attorney for Marin County, California, that if defendant pleads guilty and is sentenced to a term of not less than 188 months for the December 11, 2008, armed robbery of the Redwood Credit Union, in San Rafael, California, the State of California will not bring any additional charges against defendant related to their criminal investigation of this offense.

10. **Additional Departures, Adjustments, or Variances**:  The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.  Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range.

11. **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guideline Chapter 5K.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel.

12. **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: This letter states the full extent of the agreement between the parties. No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. By signing this plea agreement, defendant represents that he has done so voluntarily, after reviewing and discussing each aspect of it with his attorney, and no one has threatened or coerced him into accepting this plea agreement.

    If defendant accepts this offer, please sign and attach the original of this letter and attachments to the Petition to Enter Plea. By accepting this plea agreement, defendant agrees that the agreement be attached and incorporated into his Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by July 27, 2009, at 1:30 p.m.


                            Sincerely,

                            KENT S. ROBINSON
                            Acting United States Attorney


                            BYRON G. CHATFIELD
                            Assistant United States Attorney

     I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I wish to plead guilty because, in fact, I am guilty.

9/04/09
Date

ALAN DAVID HURWITZ
Defendant


     I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9/4/09
Date

BRIAN BUTLER
Attorney for Defendant

*EXHIBIT B*

# United States District Court

_____EASTERN_____ District of ____MICHIGAN____

UNITED STATES OF AMERICA

V.

ALAN DAVID HURWITZ

(Name of Defendant)

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 95-CR-80204-01

____JUSTIN RAVITZ____
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to count(s) _one, two, three, four and five of the Information_.
☐ was found guilty on count(s) _____ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:USC:2113(a) and 2113(d) | Armed Bank Robbery | Feb. 21, 1992 | 1,2,3,4 & |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ _250.00_, for count(s) _1, 2, 3, 4, & 5_, which shall be due ☒ immediately ☐ as follows:
($50.00 for each count)

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _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_

Defendant's Date of Birth: _January 18, 1941_

Defendant's Mailing Address:

Defendant is in federal custody (Oxford, Wisconsin)

Defendant's Residence Address:

same as above

May 23, 1995
Date of Imposition of Sentence

*Barbara K. Hackett*
Signature of Judicial Officer

Barbara K. Hackett, U.S. District Judge
Name & Title of Judicial Officer

May 24, 1995
Date

I hereby certify that the foregoing is a true copy of the original on file in this office.

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

By _____
Deputy

Defendant:   ALAN DAVID HURWITZ                          Judgment—Page ___5___ o. _5_
Case Number:  95-CR-80204-01

## STATEMENT OF REASONS

XX The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except
(see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: _____28_____

Criminal History Category: _____II_____

Imprisonment Range: __87__ to __108__ months

Supervised Release Range: _3_ to _5_ years

Fine Range: $ _12,500._ to $ _125,000._ each count.

    XX Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ __$20,122.00__

    ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no
reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed
for the following reason(s):

OR

The sentence departs from the guideline range

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    XX for the following reason(s):

        see attached sheet

ATTACHMENT TO "STATEMENT OF REASONS":
U.S.A. v. ALAN DAVID HURWITZ, No. 95-CR-80204-01
Defendant sentenced by Judge Barbara K. Hackett on May 23, 1995.

The sentence departs from the guideline range for the following
reasons:

The parties stipulate and agree that a reasonable incremental
penalty for the offenses to which the defendant pleads guilty
herein shall result in a combined sentence of 168 months'
imprisonment for the offenses to which the defendant pleads guilty
herein and the offenses for which the defendant was sentenced
August 9, 1994, since that sentence most closely approximates the
total punishment that would have been imposed under §5Gl.2 had all
of the offenses been federal offenses for which sentences were
being imposed at the same time, taking into account the total
number of offenses, namely 18 robberies, to which the defendant has
pled guilty or stipulated on August 9, 1994 and in the agreement
herein.

In stipulating and agreeing that a term of 130 months' imprisonment
for the instant offense, to run concurrently with the
sentence of 147 months' imprisonment imposed on August 9, 1994,
represents the appropriate sentence in this case, pursuant to
Guideline §5Gl.3(c), the defendant acknowledges that, had all
eighteen robberies been federal offenses for which the defendant
was being sentenced in a single federal proceeding, an upward
departure would be appropriate, pursuant to guideline § 5K2.0
§3D1.4 (Background), because the total number of offenses would
not be adequately taken into account by the multiple offense
enhancements provided for in Guideline § 3D1.4, in light of the
repetitive nature and total number of offenses committed.